IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIE J. JONES, | ) | CIV. NO. 11-00209 JMS/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | |
| | ) | |
| DARRELL J.K. WONG, STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER DISMISSING COMPLAINT**

Before the court is *pro se* plaintiff Willie J. Jones's ("Plaintiff") prisoner civil rights Complaint. In the caption of his Complaint, Plaintiff names Deputy Prosecutor Darrell J.K. Wong, the State of Hawaii, and the City and County of Honolulu as Defendants (collectively, "Defendants"). Within the Complaint, however, Plaintiff names only Wong, in his individual and official capacities. Plaintiff broadly alleges that Wong violated his rights to due process.

Plaintiff has paid the filing fee, *see* Doc. No. 5, and the court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). The Complaint is DISMISSED for Plaintiff's failure to state a claim. Plaintiff is granted leave to amend the Complaint, if possible, to cure its deficiencies.

# I. PLAINTIFF'S CLAIMS

Plaintiff says that, on June 27, 1995, he was questioned by the Honolulu Police Department ("HPD") regarding a sexual assault ("first incident"). Plaintiff states that he voluntarily gave a recorded statement without counsel present "since no crime had been committed." Doc. No. 1, Compl. at 5. Plaintiff was then charged with sexual assault in an unrelated incident ("second incident"). Plaintiff alleges that Defendant Deputy Prosecutor Wong then personally brought Plaintiff to "the sheriff's office"[1] and charged him for the first incident. Plaintiff alleges that Wong did this so that, if Plaintiff was convicted, Wong could use that conviction to support an enhanced sentence on a later conviction. Plaintiff was, in fact, later convicted for numerous charges related to the first incident, although not by Wong. With Wong as the prosecutor, Plaintiff was later convicted for the charges regarding the second incident, and sentenced as a multiple offender.

Plaintiff's first conviction was then overturned. *See State v. Jones*, 96 Haw. 161, 29 P.3d 351 (2001), *aff'g* 97 Haw. 23, 32 P.3d 1097 (Haw. App. 1998). Plaintiff is currently serving a term of life with the possibility of parole. *See* Hawaii Savin Offender Register, available at: https://www.vinelink.com. Although

---

[1] It is unclear if Plaintiff means the Honolulu Police Department or the Hawaii Department of Public Safety's Sheriff's Department.

it is unclear from the Hawaii Judiciary's criminal records database, this sentence is presumably for the conviction for the second incident. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki. ("Ho'ohi'ki"). Ho'ohi'ki also reveals that Plaintiff has a pending state post-conviction petition, in which an appeal was filed on March 17, 2011. *See id.*, *Jones v. State*, 1PR 09-1-000079.

Plaintiff's actual claim is unclear. He says that his right to due process was violated, he was not given a *Miranda* warning, and alleges retaliation. *See* Compl. at 5, Count I. Plaintiff seeks damages from Wong, the State of Hawaii, and the City and County of Honolulu.

## II. **STATUTORY SCREENING**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2). If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

# III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *accord West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Prosecutorial Immunity

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from a § 1983 suit for damages related to the presentation of a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding that prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case).

Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman v.*

*Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc). A prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. *Butz v. Economou*, 438 U.S. 478, 511 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (discussing functional analysis in judicial immunity context). If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity regardless of whether he violated a plaintiff's constitutional rights. *See Scheuer v. Rhodes*, 416 U.S. 232, 242 (1974), *overruled on other grounds by Harlow v Fitzgerald*, 457 U.S. 800 (1982) ("Implicit in the idea that officials have some immunity -- absolute or qualified -- for their acts, is a recognition that they may err. The concept of immunity assumes this and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all."). Further, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987).

Plaintiff's allegations appear to relate to Wong's decision to initiate prosecution against him based on Plaintiff's voluntary statements relating to the first incident of sexual assault. And a prosecutor is entitled to absolute immunity for initiating a prosecution. *Imbler*, 424 U.S. at 431. *Imbler* held that a prosecutor was entitled to absolute immunity despite plaintiff's allegations that the prosecutor

5

had, among other things, "prosecuted him with knowledge of a lie detector test that had 'cleared' [plaintiff]." *Id.* at 416. The Ninth Circuit has interpreted *Imbler* to support absolute prosecutorial immunity even when a plaintiff alleges that the prosecutor went forward with a prosecution he believed not to be supported by probable cause. *See Milstein v. Cooley*, 257 F.3d 1004, 1009 n.3 (9th Cir. 2001). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Imbler*, 424 U.S. at 431-32 n.34; *Manning v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial.").

Accepting Plaintiff's claims as true, that Wong initiated prosecution against him for the first incident solely to obtain a conviction that could later be used to enhance Plaintiff's sentence after a second prosecution, Wong's actions are subject to absolute prosecutorial immunity. To the extent that Plaintiff's claims against Wong are based on the initiation of a prosecution, they are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(a)(2), as "seeking monetary relief from a defendant who is immune from such relief."

Prosecutors are not, however, entitled to absolute immunity for actions taken during the investigatory phase of a criminal case. *See Burns v. Reed*,

500 U.S. 478, 496 (1991) (concluding that absolute immunity does not extend to giving legal advice to police); *al-Kidd v. Ashcroft*, 580 F.3d 949, 958 (9th Cir. 2009) (stating that prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions). It appears that Plaintiff is only complaining about Wong's initiation of prosecution for the first incident. Insofar as Plaintiff may be making claims against Wong that do not involve the initiation of prosecution or for actions that are otherwise intimately connected with the prosecutor's role in judicial proceedings, he is given leave to amend. *See Van de Kamp*, 129 S.Ct. at 861; *al-Kidd*, 580 F.3d at 958.

**B.     Sovereign Immunity**

Under the Eleventh Amendment, plaintiffs are barred from bringing suit against states in federal court. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005). States are therefore immune from suit under the doctrine of sovereign immunity and should be dismissed as a named party from civil rights suits. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (finding states are not persons for purposes of § 1983 civil rights

actions). The State of Hawaii is immune from suit and is DISMISSED with prejudice.

## C. The City and County of Honolulu

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff provides no facts supporting a claim against the City and County of Honolulu. If Plaintiff's cryptic claim that "his *Miranda* rights were not given," is meant to imply a claim against either a particular HPD Officer or HPD, neither of whom are named, it is insufficient and contradicted by Plaintiff's

assertion that he "agreed to provide a tape recording without legal coun[s]el, to the investigator." Doc. No. 1, Compl. at 5. Plaintiff does not otherwise explain the basis for his claim against the City and County of Honolulu.

If Plaintiff is attempting to hold the City and County of Honolulu's Department of the Prosecutor responsible for Wong's actions, this is not detailed or supported by any facts in the Complaint. To impose liability on a local government under § 1983, a plaintiff "must prove that 'action pursuant to official municipal policy' caused [his] injury." *Connick v. Thompson*, --- S. Ct. ----, 2011 WL 1119022 at *6 (Mar. 29, 2011) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)). Further, "local governments are responsible only for 'their *own* illegal acts. . . .' They are not vicariously liable under § 1983 for their employees' actions." *Connick*, 2011 WL 1119022 at *6 (internal citations omitted) (emphasis in original).

First, Plaintiff does not even name the City and County of Honolulu Department of the Prosecutor as a defendant to this suit. Second, Plaintiff fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Third, Plaintiff provides no facts showing that the Department of the

9

Prosecutor participated, directed, failed to train, or was even aware of any employee's allegedly illegal acts that deprived Plaintiff of his constitutional rights. While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). As written, however, it is impossible to determine what Plaintiff's claim against the City and County of Honolulu constitutes, or how the City and County violated Plaintiff's constitutional rights. Claims against the City and County of Honolulu are DISMISSED with leave granted to amend.

**D.  Leave to Amend**

The Complaint is DISMISSED for failure to state a claim. The State of Hawaii is dismissed with prejudice and Plaintiff may not reallege claims against it. Claims against Defendants City and County of Honolulu and Wong are dismissed without prejudice. Plaintiff is granted leave to file a proposed amended complaint on or before May 11, 2011. The proposed amended complaint must comply with Fed. R. Civ. P. 8's requirements and otherwise cure the deficiencies noted above.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and any claims not realleged in any amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to timely submit a proposed amended complaint by May 11, 2011, will result in AUTOMATIC DISMISSAL of this action for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

**E.   28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If Plaintiff is unable to amend the Complaint to cure the

deficiencies enumerated in this Order, this dismissal may constitute a strike under 28 U.S.C. § 1915(g).

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)(1). Claims against the State of Hawaii are DISMISSED with prejudice. Claims against Defendants Darrell J.K. Wong and the City and County of Honolulu are DISMISSED without prejudice.

(2) Plaintiff is GRANTED until May 11, 2011, to file a proposed amended complaint that cures the deficiencies and complies with the instructions above.

(3) Failure to file a proposed amended complaint on or before May 11, 2011, shall result in AUTOMATIC DISMISSAL of this action for failure to state a claim. If the proposed amended complaint fails to state a claim on which relief may be granted, it will be dismissed without further leave to amend and may thereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

///

///

///

(4) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 12, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Jones v. Wong, et al.*, Civ. No. 11-00209 JMS/RLP; Order Dismissing Complaint; psas\ Screening\dmp\ 2011\ Jones JMS 11-209 (ftsc lv amd)

13