IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIE J. JONES, #A0193986, | CIV. NO. 11-00209 JMS/RLP |
| Plaintiff, | |
| vs. | ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION |
| DARRELL J.K. WONG, CITY AND COUNTY OF HONOLULU, | |
| Defendants. | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION**

Before the court is *pro se* plaintiff Willie J. Jones's ("Plaintiff") first amended prisoner civil rights complaint ("FAC"). Plaintiff's original Complaint was dismissed for failure to state a claim with leave granted to amend. Doc. No. 5. The FAC names Deputy Prosecutor Darrell J.K. Wong and the City and County of Honolulu as Defendants (collectively, "Defendants"). Plaintiff claims that Wong violated his constitutional rights to due process during his state court criminal prosecution. The court has screened the FAC pursuant to 28 U.S.C. § 1915A(a) and DISMISSES it and this action for failure to state a claim. *See* 28 U.S.C. § 1915A(b).

//

//

# I. BACKGROUND AND CLAIMS

Although the FAC presents the same facts and argument as the original Complaint, Plaintiff attaches several documents to the FAC which clarify his claims. Plaintiff alleges that, in October 1995, while he was awaiting trial for sexual assault and kidnapping in Cr. No. 95-1384, Deputy Prosecutor Wong falsely and maliciously initiated charges against him in a second case, Cr. No. 95-2042. Plaintiff claims that Wong presented "incomplete and misleading information to the Grand Jury," for the sole purpose of moving for an extended term sentence in Cr. No. 95-1384, if Plaintiff was ultimately convicted in that case. Doc. No. 6-1, Mem. in Support at 2. Plaintiff argues that, because his conviction in Cr. No. 95-2042 was overturned in 2001, this supports his claim that Wong maliciously prosecuted him in that case. Plaintiff seeks damages from Wong and the City and County of Honolulu.

State court criminal records reveal that, on July 20, 1995, Plaintiff pled not guilty to two charges of sexual assault and one charge of kidnapping in Cr. No. 95-1384. *See* Hawai'i State Judiciary's Public Access to Court Information, at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/ ("Hoohiki").[1] Wong

---

[1] A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of L.A.*, 250 F.3d 668, 689-690 (9th Cir. 2001)

obtained a conviction in that case for one count of sexual assault in the first degree (Count I) and kidnapping (Count III), on November 22, 1995. On December 4, 1995, Wong moved for an extended term of imprisonment. Plaintiff attaches a transcript of the hearing on the motion for an extended term sentence to the FAC. *See* Doc. No. 6-1, Mem. in Support at 3-19. On August 19, 1996, Plaintiff was sentenced to concurrent terms of life with the possibility of parole for Count I and twenty years for Count III. On July 19, 1997, the Hawaii Supreme Court affirmed Plaintiff's conviction and sentence. On October 29, 2009, Plaintiff filed a state habeas petition under Rule 40 of the Hawaii Rules of Penal Procedure challenging his conviction in Cr. No. 95-1384. *See* Hoohiki, 1PR 09-1-000079. This petition is currently pending on appeal in the state appellate court.

On October 4, 1995, Plaintiff was indicted in Cr. No. 95-2042, for four counts of sexual assault and one count of attempted sexual assault. Wong also prosecuted this case. On September 4, 1996, Plaintiff was convicted of all five charges. Judgment of conviction and sentence was entered on February 3, 1997. On July 19, 2001, however, the Hawaii Supreme Court vacated and remanded the conviction and sentence, affirming the Intermediate Court of Appeals' ("ICA") finding that the trial court incorrectly instructed the jury on "ineffective consent," resulting in prejudicial error. *See State v. Jones*, 96 Haw. 161, 29 P.3d 351,

(2001), *aff'g* 97 Haw. 23, 32 P.3d 1097 (Haw. App. 1998).[2] The State's motion for *nolle prosequi* without prejudice was granted on November 27, 2001. *See* Doc. No. 6-1, Mem. in Support at 22-23.

## II. **STATUTORY SCREENING**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement

---

[2] The ICA reversed Plaintiff's conviction on Count V, sexual assault in the fourth degree, when the State conceded that the trial court erroneously denied Plaintiff's motion for judgment of acquittal. *See State v. Jones*, 97 Haw. 23, 24, 32 P.3d 1097, 1098 (Haw. App. 1998). The ICA vacated Plaintiff's convictions on the remaining counts, Counts I through IV, holding that the trial court erred in instructing the jury regarding consent and that jury unanimity as to the verdicts was required. *Id.*, at 32, 32 P.3d at 1106. As noted above, the Hawaii Supreme Court subsequently affirmed as to Counts I-IV. 96 Haw. at 183-84, 29 P.3d at 373-74.

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 of the Federal Rules of Civil Procedure does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

In screening a *pro se* complaint, the court must construe it liberally and must afford the plaintiff the benefit of any doubt. *Karim-Panahi v. L. A.*

5

*Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Karim-Panahi*, 839 F.2d at 623 (pro se litigant must be given leave to amend complaint unless it is absolutely clear that its deficiencies cannot be cured by amendment); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (same).

### III. DISCUSSION

"To sustain an action under [42 U.S.C. §] 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *accord West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. Claims Against Wong Are Dismissed**

The FAC clarifies that Plaintiff is claiming that Wong presented inaccurate and misleading information to the grand jury, and thereafter maliciously

prosecuted him in Cr. No. 95-2042, so that Wong could obtain an extended term sentence in Cr. No. 95-1384. Plaintiff claims that, because his conviction in Cr. No. 95-2042 was overturned, there was no probable cause for Wong to initiate prosecution against him.

### 1. *Prosecutorial Immunity*

As Plaintiff was informed in the April 13, 2011, Order Dismissing Complaint, *see* Doc. No. 5, prosecutors are immune for acts taken "when performing the traditional functions of an advocate" in initiating and pursuing a criminal prosecution. *Kalina v. Fletcher*, 522 U.S. 118, 123-25, 131 (1997) (finding prosecutor immune for acts in connection with preparation and filing of information and motion for arrest warrant, but not for vouching personally for allegations contained in certification supporting issuance of arrest warrant); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (finding that immunity extends to prosecutor's "professional evaluation of evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury"); *Burns v. Reed*, 500 U.S. 478, 491-93 (1991) (finding that prosecutor is immune for acts of appearing before judge and presenting evidence in support of motion for search warrant, but not immune for giving legal advice to police). Absolute immunity

applies even in cases involving allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc).

The Ninth Circuit has applied absolute prosecutorial immunity even when a plaintiff alleges that the prosecutor went forward with a prosecution he believed was not supported by probable cause. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 n.3 (9th Cir. 2001). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431-32 n.34 (1976); *Manning v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial."). Wong's actions in presenting charges to the grand jury and prosecuting Plaintiff in Cr. No. 95-2042 were part of his traditional prosecutorial functions as an advocate initiating a prosecution and are clearly subject to absolute prosecutorial immunity. *Milstein*, 257 F.3d at 1012 (finding that efforts to indict before the grand jury, rather than efforts to investigate a crime, are subject to immunity).

2. *Failure to State a Claim*

Exhibits attached to the FAC also reveal that Wong did not move for an extended term in Cr. No. 95-1384, based on the pending charges in Cr. No. 95-

2042, as Plaintiff alleges. While Wong informed the judge that similar charges were pending in Cr. No. 95-2042, Wong moved for an extended term of imprisonment based on Plaintiff's extensive criminal history, as a multiple offender, and for the protection of the public. *See* Doc. No. 6-1, Mem. in Support at 3-34, Tr. Aug. 19, 1996; *see also* Haw. Rev. Stat. § 706-662.[3] Plaintiff was convicted of two felonies in Cr. No. 95-1384 and conceded to his past criminal record. *See* FAC at 3-34, Tr. Aug. 19, 1996, at 7:23-25; 10:14-17; 13:19-20. The trial judge considered these factors, as well as the fact that Plaintiff was awaiting trial on similar charges, when he determined that Plaintiff was a danger to the community, and sentenced him accordingly. *Id.*, Tr. Aug. 19, 1996, at 14:14-17.

---

[3] Section 706-662 stated at the relevant time:

A defendant who has been convicted of a felony may be subject to an extended term of imprisonment under section 706-661 if it is proven beyond a reasonable doubt that an extended term of imprisonment is necessary for the protection of the public and that the convicted defendant satisfies one or more of the following criteria:

(1) The defendant is a persistent offender in that the defendant has previously been convicted of two or more felonies committed at different times when the defendant was eighteen years of age or older;

* * *

(4) The defendant is a multiple offender in that:

(a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for any felony[.]

9

Moreover, Cr. No. 95-2042 was not overturned for lack of probable cause, or on any basis that might support a claim of malicious prosecution against Wong. Plaintiff's conviction and sentence were vacated and remanded for a new trial to cure prejudicially erroneous jury instructions. *See Jones*, 96 Haw. at 373, 29 P.3d at 183. The State had discretion to prosecute Plaintiff again, or to dismiss the charges without prejudice, as it did. *See Wayte v. United States*, 470 U.S. 598, 607 (1985) ("[T]he Government retains "broad discretion" as to whom to prosecute. . . . 'so long as the prosecutor has probable cause[.]'") (citations omitted). Plaintiff therefore fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff's claims against Wong are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1-2), as "seeking monetary relief from a defendant who is immune from such relief," and for failure to state a claim.

**B.     The City and County of Honolulu**

To impose liability on a local government under § 1983, a plaintiff "must prove that 'action pursuant to official municipal policy' caused [his] injury." *Connick v. Thompson*, --- U.S. ---, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). To establish municipal liability, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the

city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Thus, to state a § 1983 claim against the City and County of Honolulu, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624. "[L]ocal governments are responsible only for 'their *own* illegal acts. . . .' They are not vicariously liable under § 1983 for their employees' actions." *Connick*, 131 S. Ct. at 1359 (internal citations omitted) (emphasis in original).

Plaintiff cannot show that he was deprived of a constitutional right by Wong's conduct. He also fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Claims against the City and County of Honolulu are DISMISSED with prejudice.

## C. 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal may constitute a strike under 28 U.S.C. § 1915(g).

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The First Amended Complaint is DISMISSED. Amendment is futile and this dismissal is with prejudice. Specifically, Plaintiff's claims for damages against Wong are barred by the doctrine of absolute immunity and for failure to state a claim; Plaintiff's claims against the City and County of Honolulu fail to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

(2) The Clerk of Court is directed to enter judgment and terminate this action. Plaintiff is notified that this dismissal may be counted as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 26, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Jones v. Wong et al.*, Civ. No. 11-00209 JMS/RLP; Order Dismissing First Amended Complaint and Action; psas\
Screening\dmp\ 2011\ Jones JMS 11-209 (FAC ftsc)